UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JOHNNY RODRIGUEZ-REYES,

       *Plaintiff*,                                **ORDER**

                                                  2:24-cv-06873 (JMW)

       -against-

SOUTHERN GLAZER'S WINE and SPIRITS, LLC,

       *Defendant*.

---------------------------------------------------------------------X

**A P P E A R A N C E S:**

    Abdul Karim Hassan
    **Abdul Hassan Law Group, PLLC**
    215-28 Hillside Avenue
    Queens Village, NY 11427
    *Attorney for Plaintiff*

    Aaron Warshaw
    **Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
    599 Lexington Avenue
    New York, NY 10022
    *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

       The parties have filed a Motion for Settlement Approval (ECF No. 17) and have consented to the jurisdiction of the undersigned for all purposes (ECF Nos. 18-19). Prior to this submission, the parties participated in a mediation before Patrick M. McKenna whose efforts were influential in leading to the settlement in principle. (*See* Electronic Order dated 5/3/2025.) Having reviewed the Settlement Agreement, I find that the Agreement "reflects a reasonable and fair compromise of the various disputed issues and not simply a waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing,*

1

*USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quotations and citation omitted); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

In reaching this conclusion, I have considered, among other things: (i) that the settlement amount as reflected in the Settlement Agreement is substantial, fair, and makes up a satisfactory portion of Plaintiff's possible range of recovery; (ii) the settlement allows the parties to avoid the burdens and expenses of establishing their respective claims and defenses at trial; (iii) the high litigation risks involved in this case considering there exists a bona fide dispute between the parties and that Plaintiff may be entitled to less than he receives under the settlement, or nothing at all, if a trier of fact finds certain arguments or claims unpersuasive; (iv) the settlement was a product of arm's length negotiations between experienced wage and hour attorneys who vigorously litigated the terms of the settlement on behalf of their clients; and (v) the absence of any indicia of fraud or collusion in effectuating the agreement. *See Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); *see also McPherson v. Look Ent. Ltd.*, No. 23-CV-04273 (JMA) (JMW), 2025 WL 43165, at *4 (E.D.N.Y. Jan. 7, 2025). Moreover, the attorney's fees and costs portion of the settlement is reasonable and commensurate with the degree of success obtained, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 60607 (2d Cir. 2020), the release provided for in the Agreement is limited in scope, and the Settlement Agreement does not impose a duty of confidentiality. *See Alvarez v. B10 LLC*, No. 19-CV-1333 (EK) (SMG), 2020 U.S. Dist. LEXIS 37578, at *2 (E.D.N.Y. Mar. 3, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 64411 (E.D.N.Y. Apr. 10, 2020). For the reasons above, the terms of the settlement are fair and reasonable and otherwise satisfy the factors set forth in <i>Wolinksy</i>, 900 F. Supp. 2d at 335-36 (S.D.N.Y. 2012). *See Fisher*, 948 F.3d at 600 (instructing that *Wolinksy* factors guide fairness inquiry).

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 22930 (S.D.N.Y. 2016) (citation omitted). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *See Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014); *see also Fisher*, 948 F.3d at 602 n.8 (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"). Indeed, following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff. *Miller v. United Parcel Service Inc,* No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) (collecting cases where settlement agreements were approved pursuant to a retainer agreement).

Here, Plaintiff's counsel is requesting $9,639.00 in fees, representing approximately one-third of the settlement amount ($30,000.00). (ECF No. 17 at 2.) Thus, the proposed attorneys' fees are reasonable under the percentage method. Moreover, in support of this award, Plaintiff's counsel submits the signed retainer agreement (ECF No. 17-2) providing that Plaintiff agrees to pay "[a] reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf." Courts routinely find attorneys' fees reasonable when they are consistent with the retainer agreement agreed to by the plaintiff and where there is no reason to question the reasonableness of the agreement itself. *See Marquez v. Rosebox LLC,* No. 1:23-cv-08171 (SDA), 2024 U.S. Dist. LEXIS 44429, at *3 (S.D.N.Y. Mar. 13, 2024); *see also Caceres v. Brentwood Farmers Market*, No. CV 20-3476, 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021) (finding the requested attorneys' fees reasonable where they represented one-third of the settlement

amount and were "consistent with the fee arrangement set forth in the retainer agreement."). Here, nothing presented to the Court indicates the retainer agreement itself is unreasonable, and thus a reasonable contingency fee of 1/3 the settlement amount ought to be awarded.

Furthermore, Plaintiff's counsel requests reimbursement for $1,083.00 in costs, which includes the $405 initial filing fee, $300 mediation fee, and $378 for service costs. (ECF No. 17 at 2.) Plaintiff's counsel submits documented proof of these costs. (*See* ECF No. 17-3.); *Martinez v. Golden Flow Dairy Flows Inc.*, No. 21-CV-2421, 2024 WL 1242639, at *12 (E.D.N.Y. Mar. 22, 2024) ("[T]he party requesting fees must submit documentation to support its request.") (citation omitted). Indeed, these costs are reasonable within this District and, as such, should be awarded here. *See Shin v. Party Well Rest. & Oriental Bakery, Inc.*, No. 20-CV-01319 (CBA) (TAM), 2023 WL 8701337, at *10-11 (E.D.N.Y. Dec. 15, 2023) (awarding costs for, among other costs, the filing fee, service of process charges, and mediator fees where plaintiff submitted documented proof of each charge and "the types of expenses sought [] are reasonable and routinely recoverable as litigation costs"). Thus, the Court finds the attorneys" fees and costs as set forth in the Settlement Agreement are fair and reasonable.

Lastly, Paragraph 13 of the Settlement Agreement expressly states that the parties agree to have this Court retain jurisdiction to enforce the settlement. (ECF No. 17-1 at 5, 8.) As such, the Court will retain jurisdiction to enforce the Settlement Agreement. *See Cisneros v. Borenstein Caterers, Inc.*, 761 F. Supp. 3d 513, 515 (E.D.N.Y. 2024) (citing *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("district court may retain jurisdiction to enforce by 'expressly retain[ing] jurisdiction over the settlement agreement'")).

4

Accordingly, the settlement is approved, and the Motion for Settlement Approval (ECF No. 17) is granted. The Clerk of Court is directed to close out the case.

Dated: Central Islip, New York.
June 20, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5